**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 95-5985

ELIZABETH RUTH SHEEHAN,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
William L. Osteen, Sr., District Judge.
(CR-95-236)

Argued: March 7, 1997

Decided: April 21, 1997

Before HAMILTON, Circuit Judge, KISER,
Chief United States District Judge for the
Western District of Virginia, sitting by designation,
and GOODWIN, United States District Judge for the
Southern District of West Virginia, sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** Thomas Norman Cochran, Assistant Federal Public
Defender, Greensboro, North Carolina, for Appellant. Harry L. Hob-
good, Assistant United States Attorney, Greensboro, North Carolina,
for Appellee. **ON BRIEF:** Walter C. Holton, Jr., United States Attor-
ney, Greensboro, North Carolina, for Appellee.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Elizabeth Ruth Sheehan was arrested at the Atlanta International Airport on August 28, l995 after a consensual search of her luggage turned up over 1,200 grams of crack cocaine. Ms. Sheehan's coopera- tion with the government led to the conviction of her codefendant. Ms. Sheehan entered a plea of guilty and, after a government motion for a downward departure, was sentenced to a fifty-four month term of imprisonment.

At her initial appearance, the court found that Ms. Sheehan was indigent and released her on personal recognizance provided that she promised "to appear at all proceedings as required and to surrender for service of any sentence imposed." Order Setting Conditions of Release, ¶ 4. The court further ordered that the defendant be placed in the custody of her parents, who reside in Socco, Maine. The defen- dant promised to obey all conditions of release and returned to Maine to reside with her parents.

She later traveled to North Carolina on three occasions to appear in court -- for her arraignment on October 2, 1995; to change her plea on November 7, l995; and for her sentencing on January 25, l996. Ms. Sheehan moved the court to direct the United States Marshal, pursu- ant to 18 U.S.C. § 4285 and 28 U.S.C. § 1651, to provide her with noncustodial transportation or to pay for round trip travel incident to all three of her Court appearances and for subsistence en route. The district court ordered payment of expenses for one-way travel and related subsistence for the trip to court for the January 25, l996 sen- tencing hearing, but otherwise denied the defendant's motion. She filed a timely appeal.

The defendant's counsel properly conceded at oral argument that the standard of review under either statute is for an abuse of discre-

2

tion. See Kemp v. Peterson, 940 F.2d 110 (10th Cir. 1995) (reviewing district court order under 18 U.S.C. § 4285 for an abuse of discretion); United States v. Kennedy, 64 F.3d 1465 (4th Cir. 1993) (applying abuse of discretion standard to 28 U.S.C. § 1651). After reviewing the parties' briefs, the record, and the oral arguments of counsel, we find that it is unnecessary to address whether 18 U.S.C. § 4285 or 28 U.S.C. § 1651 gives district courts the authority to order the United States Marshal to reimburse defendants for such expenses. The district court's refusal to pay travel expenses would not have constituted an abuse of discretion under either 18 U.S.C. § 4285 or 28 U.S.C. § 1651. Accordingly, we affirm.

AFFIRMED